## PETER, (A SLAVE,) V. THE STATE.

An objection to the *venire*, that it was drawn by a person purporting to act as Deputy of the County Clerk, when in fact he was not duly appointed and qualified to act as such Deputy, is not good in arrest of judgment on an indictment found by the grand jury summoned and impanneled in pursuance of such *venire*. Objections, apparent on the record, may be taken advantage of in arrest of judgment ; but matters *dehors* the record must be pleaded in abatement.

Appeal from Washington.   Case submitted at Austin.

*J. Sayles*, for appellant.

*Attorney General*, for appellee.

HEMPHILL, CH. J.   The appellant was indicted for arson, pleaded not guilty, was tried, convicted, and motions for new trial and in arrest of judgment having been overruled, he appealed.   The only assigned error, insisted upon, is the overruling of the motion for arrest of judgment.   The basis of that motion was, that the grand jury, by which the indictment was found, was drawn by a person purporting to act as the Deputy of the County Clerk, when, in fact, he was not duly appointed and qualified to act as such Deputy.

The appellee contends that this exception, if it exist in fact, could not be taken advantage of on a motion in arrest of the judgment, but could be rendered available only by plea in abatement ; and we are of opinion that this position is well taken.   When an indictment is found, the defendant, before he pleads, may take advantage of any defect in the *venire*, if apparent on the writ, by craving oyer of the writ, and assigning his objection on a motion to quash.   If the objection does not appear on the writ, but is to a matter *dehors*, such matter should be pleaded in abatement.   If the objection be to

the manner in which the grand jury has been constituted, in whole or in part, as, for instance, that some of the jurors were incompetent, such objection not being apparent on the record, must be pleaded in abatement; and such is the character of the objection taken in this case.   The fact that the person who acted as Deputy Clerk of the County Court in conjunction with the Clerk of the District Court, in drawing the names from the jury box, to compose the *venire*, had in truth no authority to act as such Clerk, could be set up only by abatement, as it is matter which is outside of the record.   It cannot form a ground for arrest of judgment.   This can be supported only by objections, appearing in the record, and not by any extraneous matter or defect, which, though it may exist, can be shown only by proof.   Neither the names of the persons making the drawing, nor their authority, compose a part of the record, and if there was a want of legal authority, it should have been pleaded, and cannot avail to arrest the judgment.

The judgment overruling the motion, is therefore ordered to be affirmed.

Judgment affirmed.